UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

       Petitioner,

                          CASE NO. 2:18-CV-11678
v.                            HONORABLE DENISE PAGE HOOD

JEFF SESSIONS and
SCOTT STEPHENSON,

       Respondents.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. INTRODUCTION

Duane Letroy Berry ("Petitioner"), currently confined at the Midland County Jail in Midland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his ongoing federal criminal prosecution, *United States v. Berry*, No. 15-cr-20743, in which he is charged with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). Specifically, he alleges that the federal court lacks jurisdiction to enforce 18 U.S.C. § 1038(a) such that he is being held in violation of his constitutional rights. Petitioner is represented by counsel in his federal criminal case, which is pending

1

in this district before the Honorable David M. Lawson.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES. After undertaking the preliminary review required by Rule 4, the Court concludes that the habeas petition must be dismissed because the claim is not properly raised in a § 2241 action at this time.[1]

---

[1] The Court notes that Petitioner raised nearly identical assertions in a prior federal habeas petition, which was similarly dismissed. *See Berry v. Stephenson, et al.*, No. 2:18-cv-10876 (E.D. Mich. April 30, 2018) (Drain, J.).

## II. DISCUSSION

On November 19, 2015, Petitioner was charged in federal district court with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). On August 25, 2016, the court conducted a competency hearing and found Petitioner incompetent to stand trial in his federal criminal case. On August 30, 2016, the court ordered his civil commitment and hospitalization. *United States v. Berry*, E.D. Mich. No. 2:15-cr-20743. On June 1, 2017, the court conducted a second competency hearing to determine whether Petitioner's competency could be restored with medication and took the matter under advisement. On August 31, 2017, the court ordered the administration of medication with certain conditions. *Id.* The federal case remains pending.

In his habeas pleadings, Petitioner alleges that the building involved in the charged incident was not within the criminal jurisdiction of the federal courts because a "Notice of Acceptance" of jurisdiction was not filed with the Governor of the State of Michigan. Pet., pp. 4, 6. He further asserts that in the absence of such action, a presumption of no jurisdiction exists, *id.* at p. 7, and that he is being held in custody in violation of his federal constitutional rights. *Id.* at p. 8.[2]

---

[2]Petitioner is currently in state custody as a pretrial detainee in *People v. Berry*, Wayne Co. Cir. Ct. No. 17-005237-01-FH, in which he is charged with malicious destruction of a building in violation of Mich. Comp. Laws § 750.3803.

A criminal defendant generally may not challenge a pending federal prosecution through a petition for a writ of habeas corpus. *See Jones v. Perkins*, 245 U.S. 390, 391 (1981) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). "'[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court.'" *Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) (quoting *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D. N.C. 2001)). When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994)).

Petitioner's claim that the federal court lacks jurisdiction to enforce 18 U.S.C. § 1038(a) would be dispositive of his pending federal criminal charge. Consequently, Petitioner must exhaust that claim at trial and on direct appeal before seeking federal habeas relief. *See Sandles*, 22 F. App'x at 557. The Court shall therefore dismiss the habeas petition. This dismissal is without prejudice to

Petitioner raising the claim in his federal criminal case and any related appeals.

## III. CONCLUSION

For the reasons stated, the Court finds that Petitioner cannot proceed on his habeas petition brought pursuant to 28 U.S.C. § 2241 at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

**S/Denise Page Hood**
**Denise Page Hood**
**Chief Judge, United States District Court**

**Dated: July 9, 2018**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2018, by electronic and/or ordinary mail.**

**S/LaShawn R. Saulsberry**
**Case Manager**