UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

               Petitioner,

                                   CASE NO. 2:18-CV-11678
v.                                HONORABLE DENISE PAGE HOOD

JEFF SESSIONS and
SCOTT STEPHENSON,

               Respondents.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Petitioner's motion to alter or amend judgment concerning the Court's dismissal of his pro se habeas petition, which he brought pursuant to 28 U.S.C. § 2241.

Petitioner's motion must be denied. First, to the extent that he seeks reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e), he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by a district court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D.

Mich. 1997). Petitioner raises such issues in his motion. The Court properly dismissed the petition because his federal criminal charges are pending and his issue (or issues) must be exhausted at trial and on direct appeal before he seeks federal habeas relief – as explained in the dismissal order. Petitioner fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Second, Petitioner is not entitled to relief under Federal Rule of Civil Procedure 60(b). Under that rule, a court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Petitioner makes no such showing. His claim that the federal court lacks jurisdiction to enforce 18 U.S.C. § 1038(a) (or that the

prosecution lacks authority to prosecute) would be dispositive of his pending federal criminal charge. The Court thus properly dismissed without prejudice the habeas petition as premature. Accordingly, the Court **DENIES** Petitioner's motion. This case remains closed.

       **IT IS SO ORDERED**.


       **S/Denise Page Hood**
       **Denise Page Hood**
       **Chief Judge, United States District Court**

**Dated:  August 30, 2018**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2018, by electronic and/or ordinary mail.**

       **S/LaShawn R. Saulsberry**
       **Case Manager**